■ In the Matter of the Claim of VERONICA Y. WILSON, Respondent. COUNTY OF MONROE, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 8, 1988, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant provided shorthand services in the Town Justice Courts in Monroe County, from which she received compensation. Her initial claim for unemployment insurance benefits was sustained against the county, which objected. Following a hearing, an Administrative Law Judge (hereinafter ALJ) overruled the county's objection and sustained the initial determination. The Unemployment Insurance Appeal Board affirmed on the ALJ's decision. On this appeal, the county, relying on Labor Law § 511 (18), contends that claimant was an independent contractor and not an employee. We reject the county's contention and affirm.

Under the clear and unambiguous language of Labor Law § 511 (18), a freelance shorthand reporter is not providing "employment" when, *inter alia,* the "sole compensation * * * is an agreed upon fee per page of record produced". Here, claimant testified that she was paid an hourly rate by the county, in addition to an amount for transcripts made for and paid by private attorneys. Under such circumstances, the provisions of Labor Law § 511 (18) are not applicable. Considering the inapplicability of this law and the other indicia of control relied upon by the ALJ and the Board, we have no trouble concluding that claimant was an employee of the county *(see, e.g., Matter of Rivera [State Line Delivery Serv.— Roberts],* 69 NY2d 679, *cert denied* 481 US 1049).

Decision affirmed, without costs. Mahoney, P. J., Casey, Weiss, Mikoll and Yesawich, Jr., JJ., concur.